UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LEE MICHAEL SCHULTZ,

    Petitioner,

vs.

ATTORNEY GENERAL, *et al.*,

    Respondents.

2:15-cv-00471-GMN-CWH

**ORDER**

This case is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Lee Michael Schultz. Schultz filed his habeas petition (ECF No. 1) on March 13, 2015. The court has examined the petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Schultz's habeas petition appears defective. The court will, therefore, order Schultz to show cause why the court should not dismiss this action.

The petition purports to challenge a conviction and sentence for "Coercion (Sexually Motive)," entered against Schultz on March 14, 2014. *See* Petition (ECF No. 1), pp. 1-2. The petition states that Schultz was sentenced to "12-60 mo. (with min. 24 mo. in D.O.C.) suspended." *Id*. at 2. The petition asserts three grounds for habeas corpus relief. *Id*. at 3-8.

Schultz's petition indicates, plainly, that he has not exhausted available state-court remedies with respect to any of the claims asserted in the petition. *See* Petition, pp. 1, 4, 6, 8. A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513

U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

The court will grant Schultz an opportunity to show cause why this action should not be dismissed on account of Schultz's failure to exhaust any of his claims in state court. If Schultz fails, within the time allowed, to make a prima facie showing that he has exhausted, in state court, one or more of the claims he asserts, this case will be dismissed. *See Rose v. Lundy*, 455 U.S. 509 (1982).

If Schultz is able to make the prima facie showing required by this order, the court will then screen the petition with regard to whether he states any claims that are not plainly meritless.

Furthermore, there is some question regarding Schultz's current address. The court has two different addresses for Schultz. *See* Petition (ECF No. 1); "Motion to Dismiss Counsel and Appointment of Alternate Counsel" (ECF No. 2); Mail Returned as Undeliverable (ECF No. 3). The court will direct the clerk of the court to serve this order, and a copy of Schultz's habeas petition, on Schultz at both addresses. Schultz will be ordered to inform the court of his correct mailing address, in conjunction with his response to this order, pursuant to LSR 2-2.

Finally, there is a motion before the court, denominated a "Motion to Dismiss Counsel and Appointment of Alternate Counsel" (ECF No. 2). The caption on the motion ("9th District Court, Clark County, Nevada," "Case Number C-13289796-1") suggests that Shultz did not intend the motion to be considered by this court. At any rate, the motion, in the context of this case, is meritless. The motion will be denied.

**IT IS THEREFORE ORDERED** that the petitioner, Lee Michael Schultz, shall have **30 days** from the date of entry of this order to show cause why the court should not dismiss this action, as explained above. Failure to respond to this order within the time allowed, or failure to make the required prima facie showing, will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that the clerk of the court shall add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for respondents.

**IT IS FURTHER ORDERED** that the clerk of the court shall electronically serve upon respondents a copy of the habeas corpus petition in this case (ECF No. 1) and a copy of this order.

1  Respondents' counsel shall enter a notice of appearance within **20 days** of the entry of this order, but
2  need take no further action in the case unless and until the court so orders.

3        **IT IS FURTHER ORDERED** that the clerk of the court shall send the petitioner a copy of
4  his habeas corpus petition (ECF No. 1), with service of this order.  The clerk of the court is directed
5  to send such service to the petitioner at two different addresses:

6      Lee Michael Schultz
    3401 McRay Rd.
7      Lake Isabella, CA 93240

8      and

9      Lee Michael Schultz
    1877345
10     Clark County Detention Center
    330 South Casino Center
11     Las Vegas, NV 89101

12       **IT IS FURTHER ORDERED** that petitioner shall, within **30 days** from the date of entry of
13 this order, notify the court of his current mailing address.

14       **IT IS FURTHER ORDERED** that the "Motion to Dismiss Counsel and Appointment of
15 Alternate Counsel" (ECF No. 2) is **DENIED**.

16       **DATED** this 21st day of May, 2015.

18                       Gloria M. Navarro, Chief Judge
                        United States District Judge