UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LEE MICHAEL SCHULTZ,

    Petitioner,                                 2:15-cv-00471-GMN-CWH

vs.

                                         **ORDER**

D.W. NEVEN, *et al.*,

    Respondents.

_____/

       This case is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Lee Michael Schultz, a prisoner at Nevada's High Desert State Prison.

       Schultz filed a petition for writ of habeas corpus (ECF No. 1) on March 13, 2015. That petition purported to challenge a conviction and sentence for "Coercion (Sexually Motive)," entered against Schultz in a Nevada district court on March 14, 2014. *See* Petition (ECF No. 1), pp. 1-2. The petition stated that Schultz was sentenced to "12-60 mo. (with min. 24 mo. in D.O.C.) suspended." *Id*. at 2. The petition asserted three grounds for habeas corpus relief. *Id*. at 3-8.

       On May 21, 2015, upon examination of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court found Schultz's petition to be defective, in that Schultz apparently had not exhausted available state-court remedies with respect to any of the claims asserted in the petition. *See* Order entered May 21, 2015 (ECF No. 4). The court granted Schultz an opportunity to show cause why the court should not dismiss this action. *Id*. Schultz had until June 22, 2015, to make such showing. *Id*. The court warned that failure to respond to its order within the time allowed, or failure to make the required prima facie showing, would result in the dismissal of this action. *Id*.

       On June 12, 2015, Schultz filed a document (ECF No. 6), which is in the form of a letter to the clerk of the court. In that document, Schultz discusses the facts underlying his conviction.

However, in that filing, Schultz makes no showing regarding his exhaustion of any of the claims presented in his federal habeas petition.

On June 26, 2015, Schultz filed four documents: a motion (ECF No. 8), another motion (ECF No. 9), a document entitled "Prima Facia" (ECF No. 10), and what the court understands to be an amended petition for writ of habeas corpus (ECF No. 11).

The court cannot discern what relief Schultz seeks by means of the two motions (ECF Nos. 8 and 9), and the "Prima Facia" (ECF No. 10) that he filed on June 26, 2015. Neither motion makes any showing that any claims asserted by Schultz in this action is exhausted in state court. The court will deny Schultz's two motions.

The court has examined Schultz's amended habeas petition (ECF No. 11). There is no indication in that amended petition that Schultz has exhausted any claim in state court. Indeed, it appears that Schultz's direct appeal remains pending, and he only filed a post-conviction habeas petition in the state district court on February 20, 2015, and that petition remains pending as well. It is plain that Schultz has not exhausted available state-court remedies with respect to any of the claims he asserts in this federal habeas action.

A federal court may not grant habeas relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Because Schultz has not exhausted any habeas claim in state court, and because both his direct appeal and post-conviction habeas litigation remain pending in state court, this court will dismiss this federal habeas action without prejudice.

On July 1, 2015, Schultz filed a motion for appointment of counsel (ECF No. 12). The court will deny that motion. "Indigent state prisoners applying for habeas corpus relief are not entitled to

appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir.1970) (per curiam).  The court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196.  In this case, which is plainly subject to dismissal, because Schultz has yet to exhaust any claims in state court, appointment of counsel is unwarranted.

**IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that the motions filed by petitioner on June 26, 2015 (ECF Nos. 8 and 9) are **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the clerk of the court shall enter judgment accordingly.

**DATED** this 2nd day of July, 2015.

Gloria M. Navarro, Chief Judge
United States District Court